[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-16280
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01328-TJC-JBT

MANUEL PARDO, JR.,

Plaintiff - Appellant,

versus

JOHN PALMER,
in his official capacity as the Warden of Florida
State Prison,

KENNETH S. TUCKER,
in his official capacity as the Secretary, Florida
Department of Corrections,

DOES 1-50,
in their official capacities as Executioners for
the State of Florida,

Defendants - Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 11, 2012)

Before DUBINA, Chief Judge, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Manuel Pardo, Jr., is a death row prisoner scheduled to be executed by the State of Florida on December 11, 2012. On December 6, 2012, Pardo brought suit in federal district court, filing a complaint under 42 U.S.C. § 1983 and filing a motion for temporary restraining order, preliminary injunction, and a stay of execution. Pardo contends that: (1) Florida's three-drug lethal injection protocol violates his right to be free from cruel and unusual punishment under the Eighth Amendment; and (2) Appellees' deviation from the core components of the execution process set forth in the written protocol violates his right to equal protection under the Fourteenth Amendment.

Because we have recently addressed nearly identical claims in *Ferguson v. Warden*, No. 12-15191, 2012 WL 4946112 (11th Cir. Oct. 18, 2012), the district court specifically requested additional briefing on the issue of whether Pardo's case is in any way distinguishable from *Ferguson*. On December 10, 2012, after an evidentiary hearing, the district court denied Pardo's motion. *Pardo v. Palmer*, No. 3:12-cv-1328, __ F. Supp.2d __ (M.D. Fla. Dec. 10, 2012). The district court concluded that because Pardo failed to demonstrate that his claims were distinguishable from the ones that we considered and rejected in *Ferguson*, he

2

failed to demonstrate a substantial likelihood of success on the merits of his Eighth and Fourteenth Amendment claims. *Id.* This appeal followed.

"A stay of execution is equitable relief which this Court may grant only if the moving party shows that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest." *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011) (internal quotation marks omitted). "We review the denial of a stay of execution under the abuse-of-discretion standard." *Powell v. Thomas* (*Powell (Williams)*), 641 F.3d 1255, 1257 (11th Cir. 2011) (per curiam), *cert. denied Williams v. Thomas*, 131 S. Ct. 2487 (2011).

## A.  Substantial Likelihood of Success on the Merits

Pardo's constitutional arguments mirror those raised by Ferguson just two months ago. Like Ferguson, Pardo argues that Florida's lethal injection protocol violates the Eighth and Fourteenth Amendments because (1) Florida's September 4, 2012 protocol resulted in a substantial change to the execution protocol; (2) evolving standards of decency show that the three-drug protocol creates an "objectively intolerable risk of harm"; and (3) Florida's implementation of its three-drug protocol is flawed.

3

### 1. Eighth Amendment Violation

In order for Pardo to prevail on his Eighth Amendment claim, he must demonstrate that:

> (1) the State is being deliberately indifferent (2) to a condition that poses a substantial risk of serious harm to him. In the lethal injection context, this standard requires an inmate to show an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment.

*DeYoung*, 646 F.3d at 1325 (internal quotations marks and citations omitted). We conclude that Pardo has not demonstrated a substantial likelihood of success on the merits of his Eighth Amendment claim. As properly recognized by the district court, we addressed the substantive merits of each of Pardo's claims in *Ferguson*, and squarely rejected them. *See Ferguson*, No. 12-15191, 2012 WL 4946112. Pardo's efforts to distinguish his case are not successful.

Here, unlike *Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012) (per curiam), the district court properly treated the question of whether a significant change has occurred in Florida's lethal injection protocol as a fact-dependent inquiry. Pardo was granted an evidentiary hearing by the district court and an opportunity to present witnesses to support his Eighth Amendment and Equal Protection claims, as well as an opportunity to cross-examine the state's witnesses regarding the changes wrought by Florida's September 4, 2012 lethal injection protocol. Based on a review of the record, we are convinced that the district court correctly

4

identified the governing legal principles, and then carefully considered Pardo's evidence and allegations with a fresh look.

With regard to the statute of limitations, "[w]e have consistently held that a method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." *Ferguson*, No. 12-15191, 2012 WL 4946112, at \*2 (quoting *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (internal quotation marks omitted)). Because Pardo filed his "method of execution" challenge outside of the running of the statute of limitations, and because we have explicitly held that changes to the first and second drugs in the three-drug sequence do "not constitute a substantial change," *see id.* (citing *Powell*, 643 F.3d at 1304), Pardo's claim comes too late.

Pardo's allegedly distinguishable contention that "the one-drug protocol is now constitutionally required" is insufficient to differentiate this case from *Ferguson*. We likewise addressed Ferguson's "evolving standards of decency" claim—which Pardo reiterates here—and found it lacking: "[a]lthough the one-drug protocol is a feasible alternative that could be readily implemented, 'a condemned prisoner cannot successfully challenge a State's method of execution merely by showing a slightly or marginally safer alternative.'" *See Ferguson*, No. 12-15191, 2012 WL 4946112, at \*3 (quoting *Baze v. Rees*, 553 U.S. 35, 51, 128 S.

5

Ct. 1520, 1531 (2008)).  Even if nine of our sister states have adopted a one-drug protocol, it is not our role to transform ourselves into a "board[] of inquiry charged with determining the 'best practices' for executions."  *Baze*, 553 U.S. at 51, 128 S. Ct. at 1531.

Moreover, as to the merits of Pardo's claim, Dr. Heath's expanded declaration fails to add anything new to our inquiry, as his testimony presents nothing more than mere speculation.  As we stated in *Ferguson*, "speculation as to the parade of horribles that could *possibly* occur during [an] execution does not meet the burden of proof required by the Eighth Amendment."  *Ferguson*, No. 12-15191, 2012 WL 4946112, at *2 (citing *DeYoung*, 646 F.3d at 1325).  Accordingly, because Pardo has failed to distinguish *Ferguson* on any ground, his arguments, too, must fail.

## 2.  Fourteenth Amendment Violation

Pardo also contends that he is likely to succeed on his claim under the Equal Protection Clause because the State might deviate from the "core components of the execution process" set forth in the written protocol.  "To state an equal protection claim, [Pardo] must show that the State will treat him disparately from other similarly situated persons."  *DeYoung*, 646 F.3d at 1327 (citing *Amnesty Int'l. USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009)).  "Second, '[i]f a law treats individuals differently on the basis of . . . [a] suspect classification, or if the

6

law impinges on a fundamental right, it is subject to strict scrutiny.'" *Arthur*, 674 F.3d at 1262 (alterations in original) (quoting *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009)).

Pardo fails to assert that any of the alleged deficiencies will result in disparate treatment from other death row inmates. Ferguson raised this exact claim, and nothing about the protocol has changed in the last two months. "Under Florida's 2012 protocol, all death row inmates facing execution will be subject to the same sequence of drugs, the same procedures, and the same safeguards in the execution process." *Ferguson*, No. 12-15191, 2012 WL 4946112, at *3. As such, Pardo has presented no evidence to substantiate his claim of disparate treatment.

## B.  Remaining Arguments

Finally, Pardo avers that he will suffer irreparable harm if injunctive relief is not granted. We need not decide whether Pardo has established irreparable injury because he has failed to satisfy his burden regarding the substantial likelihood of success on the merits. Likewise, Pardo's arguments regarding the equities of execution and the public interest are outside of our purview. Accordingly, Pardo's motion for temporary restraining order, preliminary injunction, and stay of execution is denied, and the district court's order is affirmed.

**MOTION FOR TEMPORARY RESTRAINING ORDER,**

**PRELIMINARY INJUNCTION, AND STAY OF EXECUTION IS DENIED;**

**DISTRICT COURT'S ORDER IS AFFIRMED.**